EQUITABLE TRUST CO. OF NEW YORK v. GOMPERT.

(Supreme Court, Appellate Term. December 22, 1911.)

1. BILLS AND NOTES (§ 365*)—BONA FIDE HOLDERS.
   The holder in due course of a negotiable instrument holds it free from defenses available to prior parties among themselves.
   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 944–963; Dec. Dig. § 365.*]

2. CONTRACTS (§ 278*)—PERFORMANCE.
   Defendant signed an instrument, in the form of a letter to H., which recited that he acknowledged receipt of a life insurance policy, and authorized H. to pay the first premium, in order to place the policy in force, and that he promised to pay to H. the amount so advanced on the dates stated. Held, that H. was entitled to payment of the amount so advanced, if he paid the premiums as directed, even if defendant did not receive the policy; H. having performed his part of the agreement.
   [Ed. Note.—For other cases, see Contracts, Dec. Dig. §. 278.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

132 N.Y.S.—21

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Equitable Trust Company of New York against John F. Gompert. From a judgment for defendant, plaintiff appeals. Reversed, and a new trial ordered.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

McLear & McLear, for appellant.

Max E. Lehman, for respondent.

LEHMAN, J. The defendant on the 17th of October, 1904, signed the following instrument:

"Mr. Archibald C. Haynes, 25 Broad Street—Dear Sir: I hereby acknowledge having received from Mr. L. L. Squire policy No. 1379210, being for $7,500, on my life, in the Equitable Life Assurance Co. You are authorized and requested to pay the amount of the first premium for me upon said policy, in order to place the same in force from this date, and I promise to pay to you or to your order the amount so advanced, to wit, $275.25, as follows:

| | |
|---|---:|
| Cash herewith paid | $150.00 |
| April 1, 1905 | 62.62 |
| July 1, 1905 | 62.63 |
| | $275.25" |

The plaintiff at the trial showed that Haynes paid the premium and that the policy went into effect. It also showed that Haynes assigned this instrument to plaintiff. The defendant testifies that he did not receive the policy from Squire, and urges that this is a defense to the action.

[1, 2] Of course, if this instrument is negotiable, and the plaintiff is a holder in due course, it holds it free from defenses available to prior parties among themselves. I do not think that we need in this case, however, to determine whether or not the instrument is negotiable, because, even if it is not negotiable, the defendant has failed to prove his defense. He has acknowledged receipt of the policy, and authorized Haynes to pay the premium and put the policy in force. Even if defendant did not receive the policy from Squire, since Haynes has done all that he was required to do he is entitled to payment under the contract.

The defendant also urges that the statute of limitations has run against this demand. The cause of action for the amounts payable on April 1 and July 1, 1905, accrued only on those dates, and the period of limitation has not expired since those dates.

The judgment in favor of the defendant should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.